per curiam:
Nuevamente tenemos que determinar cuál organismo administrativo, si la Comisión de Investigación, Procesamiento y Apelación (CIPA) o la Comisión Apelativa del Sistema de Administración de Recursos Humanos (CA-SARH), es la agencia con jurisdicción apelativa para adju-dicar las reclamaciones de alrededor de cuarenta oficiales de custodia que fueron destituidos o suspendidos de sus empleos en la Administración de Corrección tras incurrir en conducta proscrita por los reglamentos de la referida agencia.
I
Luego de examinar los recursos de apelación presenta-dos por varios Oficiales de Custodia de la Administración *1035 de Corrección, la CASARH los desestimó por falta de juris-dicción sobre la materia. Concluyó que la CIPA era la agen-cia con jurisdicción apelativa exclusiva para adjudicar la procedencia de las medidas disciplinarias de los recurridos que se alega incurrieron en violaciones al Reglamento de Personal y al Reglamento de Oficiales de Custodia de la Administración de Corrección. A raíz de tal determinación, los recurridos presentaron varios recursos de revisión ante el Tribunal de Apelaciones.
Ya que todos los recursos presentados ante el foro ape-lativo intermedio versaban sobre la misma controversia, dicho foro procedió a consolidarlos.(1) El foro apelativo in-termedio revocó la determinación de la CASARH y resolvió que el foro con jurisdicción para atender las apelaciones de cada uno de los oficiales de custodia era la CASARH y no la CIPA. Dicho foro razonó que las medidas disciplinarias im-puestas a los recurridos versaban sobre conducta negli-gente en el desempeño de los deberes del puesto que éstos ocupaban, asuntos que atañen al principio de mérito y, por lo tanto, a la CASARH. Concluyó, además, que la CIPA no tiene jurisdicción apelativa para evaluar las apelaciones presentadas por los recurridos, ya que las medidas discipli-narias impuestas no implicaban mal uso o abuso de autoridad.
Inconformes con tal determinación, la CIPA y la CA-SARH presentaron ante nos un recurso de certiorari en el que adujeron que el Tribunal de Apelaciones erró al deter- *1036 minar que la CIPA no tiene jurisdicción apelativa exclusiva para evaluar las medidas disciplinarias impuestas a los Oficiales de Custodia de la Administración de Corrección como resultado de la violación a los reglamentos que los regulan.
Contrario a lo argüido por las agencias administrativas, los recurridos adujeron en su alegato que la CASARH es el organismo con jurisdicción apelativa exclusiva para adju-dicar sus reclamaciones puesto que las alegadas violacio-nes versan sobre áreas relacionadas con el principio de mérito. De otra parte, el Procurador General compareció ante nos —en representación de la Administración de Co-rrección— y argüyó que el foro con jurisdicción para eva-luar y adjudicar las apelaciones presentadas por los Oficia-les de Custodia relacionadas con medidas disciplinarias es la CIPA y no la CASARH.
Con el beneficio de la comparecencia de todas las partes, pasamos a resolver.
II
 La presente controversia ha generado una multi-plicidad de litigios en el Tribunal de Apelaciones y en este Tribunal. El conflicto jurisdiccional entre la CIPA y la CA-SARH surgió como resultado del lenguaje del Art. 1 de la ley habilitadora de la CIPA. Éste establece que dicha agen-cia tiene jurisdicción apelativa para resolver las apelacio-nes que presenten los funcionarios de la Rama Ejecutiva autorizados a efectuar arrestos, cuya dependencia guberna-mental tenga una reglamentación similar a la de la Policía de Puerto Rico.(2)
Para aclarar y determinar la jurisdicción apelativa de la CIPA y la CASARH, y así promover la economía procesal, resolvimos en González y otros v. Adm. de Corrección, 175 D.P.R. 598 (2009), que la CIPA es la agencia con *1037 jurisdicción apelativa exclusiva para adjudicar las recla-maciones de los Oficiales de Custodia de la Administración de Corrección.
Para llegar a esa conclusión, analizamos las leyes habi-litadoras de la CIPA y la CASARH, así como la reglamen-tación de la Administración de Corrección y la Policía de Puerto Rico. Al ponderar los referidos estatutos, conclui-mos que la reglamentación que rige a los Oficiales de Cus-todia de la Administración de Corrección es similar a los reglamentos que gobiernan a la Policía de Puerto Rico.
Según tal conclusión, resolvimos que la CIPA evaluará las apelaciones presentadas por los Oficiales de Custodia en dos instancias, a saber: (1) cuando se les impute haber cometido faltas leves o graves a los reglamentos de dicha agencia, y (2) en aquellos casos en que se les haya imputado mal uso o abuso de autoridad. No obstante, dejamos claramente establecido que la CASARH es el organismo administrativo con jurisdicción apelativa para atender las apelaciones relacionadas con el principio de mérito.
Aclarados estos extremos, pasemos a determinar en el caso de autos cuál de las dos agencias tiene jurisdicción apelativa para adjudicar las apelaciones presentadas por los recurridos.
III
Del expediente de autos surge que las violaciones impu-tadas a los recurridos Oficiales de Custodia son diversas e incluyen, entre otras, las conductas siguientes: (1) aban-dono del servicio propiciando la evasión de confinados; (2) negativa a realizar el recuento reglamentario de los reclu-sos; (3) uso de lenguaje soez y ofensivo; (3) excarcelación de confinados sin contar con la debida Orden de Excarcela-ción; (5) entrega de arma de reglamento sin descargarla previamente; (6) quedarse dormido durante horas labora-bles; (7) brindar acceso a los confinados al área médica sin *1038 que éstos estuviesen acompañados por el Oficial de Custo-dia correspondiente; (8) arrojar positivo a sustancias con-troladas; (9) negativa injustificada a someterse a las prue-bas de detección de sustancias controladas; (10) incurrir en conducta violenta y agresiva contra su esposa; (11) incurrir en conducta constitutiva de maltrato de menores.
Al examinar el Reglamento de Oficiales de Custodia de la Administración de Corrección, el Reglamento de Personal de la Administración de Corrección y el Manual para la Aplicación de Medidas Correctivas y Disciplinarias a los Empleados de la Administración de Corrección, es ineludi-ble concluir que las conductas antes señaladas constituyen abuso de autoridad o faltas —leves y graves— a dichos reglamentos. Evidentemente, tales conductas inciden directamente en el orden y la seguridad de las instituciones penales y de la ciudadanía en general. Asimismo, no cabe duda de que tales conductas, de ser probadas, atentan contra la seguridad e integridad de los confinados. De acuerdo con lo anterior, es forzoso concluir que la CIPA es el foro con jurisdicción para evaluar las medidas disciplinarias impuestas a los Oficiales de Custodia.
No obstante, tal como expresáramos anteriormente, la CIPA no tiene jurisdicción para evaluar aquellas medidas disciplinarias impuestas a los Oficiales de Custodia como resultado de violaciones a áreas relacionadas con el principio de mérito. En el presente caso, no cabe duda de que las tardanzas y el ausentismo crónico e injustificado son áreas relacionadas al principio de mérito. Por ende, en tales casos es la CASARH el organismo administrativo con jurisdicción apelativa exclusiva para evaluar las medidas disciplinarias impuestas a los Oficiales de Custodia.
Por último, no podemos ignorar el hecho de que la Ad-ministración de Corrección le informó equivocadamente a los recurridos su derecho a apelar la determinación admi-nistrativa ante CASARH. Por lo tanto, según lo pautado en Carabarín et al. v. A.R.P.E., 132 D.P.R. 938, 958 — 959 *1039 (1993), éstos tienen derecho a presentar la apelación co-rrespondiente ante la CIPA de manera que ésta, de acuerdo con el conocimiento especializado que posee, la evalúe.
No obstante, los Oficiales de Custodia que fueron san-cionados por la Administración de Corrección porque se alega incurrieron en tardanzas o ausentismo no autori-zado, tienen derecho a presentar el recurso de apelación ante la CASARH para que ésta evalúe y adjudique su reclamación.
Por los fundamentos antes expuestos, revocamos en su totalidad la Sentencia del Tribunal de Apelaciones. Los re-curridos Oficiales de Custodia tendrán el mismo término concedido por ley para recurrir a la CIPA como foro admi-nistrativo con jurisdicción a partir de la notificación a las partes de la presente sentencia. Aquellos Oficiales de Cus-todia que fueron sancionados porque se alega incurrieron en tardanzas o ausentismo injustificado, tendrán el mismo término concedido por ley para recurrir a la CASARH como foro administrativo con jurisdicción a partir de la notifica-ción a las partes de la presente sentencia.

 Los recursos que fueron consolidados son los siguientes: KLRA200601001, KLRA200700177, KLRA200700215 y KLRA200700265. Los Oficiales de Custodia que presentaron un recurso de revisión judicial ante el foro apelativo intermedio son: José Calderón Morales, José M. Guzmán Rentas, Jorge Del Valle Rodríguez, Pablo Rosa Fontánez, Alfredo Suárez Quiles, José Cruz Santiago, William Morales Pérez, Hugo Falcón Muñiz, Carlos González Andino, Alexander Cruz Vélez, Saúl Urrutia Torres, Albert Ortiz Ortiz, William Jácome Cancel, Efrain Crespo Pérez, José López Godén, Roberto Torres De Jesús, Luis Ballester León, Louis Robles Malavé, Luis Avilés Fred, Damián Andino Rosado, Jessica Moreno Alicea, Wanda Santiago Figueroa, Adamaris Agostini Vega, Ivonne Porrata González, Elynette Figueroa Estrella, Alexis Cruz Rivera, Julio Morales Calderón, Joel Carmona Gutiérrez, Luis Torres Ruiz, Isidro Ruiz Sánchez, Eddie Sanabria Colón, Edgardo Delgado Colón, Fernando Pagán Chico, Juan Rosario Pagán, Francisco Vera Cruz, Patrick Kalme López y William Alomar Rodríguez.

 1 L.P.R.A. see. 172.